UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAMES C.,

              Plaintiff,

      v.

COMMISSIONER OF SOCIAL SECURITY,

              Defendant.
_____

**DECISION AND ORDER**

1:20-CV-01008-EAW

# INTRODUCTION

Plaintiff James C. ("Plaintiff") seeks attorneys' fees in the amount of $40,939.98 pursuant to 42 U.S.C. § 406(b). (Dkt. 19). The Commissioner of Social Security ("the Commissioner") neither supports nor opposes Plaintiff's fee request. (Dkt. 21). For the reasons that follow, the Court grants Plaintiff's motion.

# BACKGROUND

On August 3, 2020, Plaintiff filed this action, seeking review of the Commissioner's final decision denying his application for Disability Insurance Benefits ("DIB"). (Dkt. 1). Plaintiff moved for judgment on the pleadings on June 2, 2021. (Dkt. 12). On August 20, 2021, the Court approved the parties' stipulation for remand, reversing the Commissioner's final decision, and remanding the matter for further proceedings. (Dkt. 16).

By Stipulated Order filed on November 15, 2021, the Court approved payment of $3,990.00 to Plaintiff's counsel pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"), for services performed in connection with this action, along with $400.00 in costs. (Dkt. 18).

On August 28, 2023, the Commissioner issued a Notice of Award in connection with Plaintiff's claim, which stated that it withheld $40,939.98 from Plaintiff's past-due benefits to pay for Plaintiff's attorneys' fees. (Dkt. 19-4 at 3).

On September 12, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) seeking $40,939.98 in attorneys' fees. (Dkt. 19). In her motion, Plaintiff's counsel indicates that her firm was awarded the sum of $3,990.00 under the EAJA, which she will refund to Plaintiff. (Dkt. 19-1 at 4). The Commissioner filed a response on September 27, 2023. (Dkt. 21).

## DISCUSSION

### I. Timeliness of the Motion

Generally, a fee application under § 406(b) must be filed within 14 days after the entry of judgment. Fed. R. Civ. P. 54(d)(2)(B)(1). Rule 54(a)(2)(B) as applied to § 406(b) motions for attorneys' fees, requires that a party moving for attorneys' fees file the motion within 14 days of notice of a benefits award. *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019). Additionally, a presumption applies that a notice is received "three days after mailing." *Id*. at 89 n.5; *see also* Fed. R. Civ. P. 6(d).

Here, the Commissioner issued Plaintiff's Notice of Award of past-due benefits on August 28, 2023. (Dkt. 19-4). Plaintiff's instant fee application was filed fifteen days later on September 12, 2023. Accordingly, Plaintiff's motion was timely.

II.     **The Reasonableness of the Requested Fee**

Section 406(b) provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). In other words, § 406(b) allows a successful claimant's attorney to seek court approval of his or her fees, not to exceed 25 percent of the total past-due benefits. Section 406(b) "calls for court review of [contingent-fee] arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). This review is subject to "one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id*. "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

Accordingly, a fee is not automatically recoverable simply because it is equal to or less than 25 percent of the client's total past-due benefits. "To the contrary, because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Id*. at 807 n.17. As such, the Commissioner's failure to oppose the motion is not dispositive. *Mix v. Comm'r of Soc. Sec.*, No. 6:14-CV-06219 (MAT), 2017 WL 2222247, at *2 (W.D.N.Y. May 22, 2017). Several factors are relevant to the reasonableness analysis, including the following: (1) "whether the contingency percentage is within the

25% cap[;]" (2) "whether there has been fraud or overreaching in making the agreement[;]" and (3) "whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Also relevant are the following: (1) "the character of the representation and the results the representative achieved[;]" (2) "the amount of time counsel spent on the case[;]" (3) whether "the attorney is responsible for delay[;]" and (4) "the lawyer's normal hourly billing charge for noncontingent-fee cases." *Gisbrecht*, 535 U.S. at 808.

When determining whether a requested fee constitutes a windfall, courts are required to consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, Plaintiff's counsel seeks $40,939.98 in attorney's fees and states that this amount is not greater than 25 percent of Plaintiff's total past-due benefits. (Dkt. 19-1 at 9). The Commissioner neither opposed nor supported Plaintiff's request.  (Dkt. 21). Utilizing the factors set forth above, the Court finds that there is no evidence of fraud or overreaching in the making of the contingency agreement between counsel and Plaintiff. Counsel provided effective representation resulting in Plaintiff successfully receiving the benefits sought. (Dkt. 19-3).  There is no reason to believe that Plaintiff is dissatisfied with the outcome of such representation.  Here, the success of Plaintiff's claims was uncertain

as demonstrated by multiple denials of his application at the agency level. Accordingly, the hours expended by counsel were reasonable in light of the issues presented, the extent and character of representation, Plaintiff's counsel's expertise, and the absence of any significant delay in the proceedings caused by counsel. Even though counsel requested an extension of time to file Plaintiff's motion for judgment on the pleadings (Dkt. 10), this request did not unreasonably delay the proceedings in an attempt to increase counsel's legal fees. In fact, it was the Commissioner whose two extensions of time to file the administrative transcript might have delayed the preparation of Plaintiff's legal brief. (Dkt. 5; Dkt. 7).

The requested fee would result in a *de facto* hourly rate of $2,047.00 ($40,939.98 divided by 20 hours). (Dkt. 19-6). The Court recognizes that this *de facto* hourly rate is higher than the rates that have been traditionally approved by the courts in this Circuit and is significantly greater than Plaintiff's counsel's normal hourly rate of $210.00 per hour. (*Id.*). However, it would be inappropriate to rely exclusively on the *de facto* rate in determining the reasonableness of Plaintiff's application. *See Wells*, 907 F.2d at 371 (2d Cir. 1990) ("[A] court's primary focus should be on the reasonableness of the contingency agreement in the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations."); *see also Bate v. Berryhill*, No. 18-CV-1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) ("[I]t is inappropriate to exclusively rely on the *de facto* hourly rate, as both the Supreme Court and the Second

Circuit have explicitly rejected the lodestar method to determine what is reasonable under § 406(b).").

The Court finds that neither the *de facto* hourly rate, nor the overall requested attorneys' fees amount, constitutes a windfall. Counsel's successful representation of Plaintiff's interests achieved reversal of the Commissioner's decision and remand of Plaintiff's application, ultimately resulting in a favorable decision. (Dkt. 19-3). Plaintiff's award of benefits was due to counsel's particular effective representation when she, while dedicating twenty hours, was able to draft the complaint, communicate with the client and opposing counsel, review the administrative record, formulate Plaintiff's position, and draft a twenty-one-page comprehensive brief that raised several arguments that were properly supported by the record and applicable caselaw. (Dkt. 12-1; Dkt. 19-6). The arguments were non-boilerplate and formulated with enough sufficiency that they convinced the Commissioner to enter into a stipulation to remand the matter for further proceedings. (Dkt. 16). As such, Plaintiff's counsel's efficiency in successfully resolving Plaintiff's matter should not be penalized. *See Torres v. Colvin*, No. 11 Civ. 5309(JGK), 2014 WL 909765, at *5 (S.D.N.Y. Mar. 6, 2014) ("The more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it."); *Maier v. Apfel*, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("[C]ounsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer

to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.").

Though certainly high, a *de facto* hourly rate of $2,047.00 is not completely out of line with the range of rates under § 406(b) approved by courts. *See e.g.*, *Fields,* 24 F.4th at 856 (an effective hourly rate of $1,556.98 was not a "windfall"); *Hennelly v. Kijakazi*, No. 20-CV-4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (granted the *de facto* hourly rate of $1,705.16); *Gentile v. Kijakazi*, No. 21-CV-641 (AMD), 2023 WL 6392905, at *2 (E.D.N.Y. May 3, 2023) (effective hourly rate of $1,750 is within the ranges of rates deemed reasonable in this Circuit); *Bate*, 2020 WL 728784, at *3 ("the *de facto* hourly rate [of $1,506.32] is the product of competent and efficient advocacy which should not be held against counsel"); *Eric K. v. Berryhill*, No. 5:15-cv-00845 (BKS), 2019 WL 1025791, at *3 (N.D.N.Y. Mar. 4, 2019) (the hourly rate of $1,500 was approved based on quality and efficiency of counsel's work); *Kazanjian v. Astrue*, No. 09 civ. 3678(BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (the hourly rate of $2,100.00 was not a windfall to counsel). Accordingly, in light of the above, the Court finds that a *de facto* hourly rate of $2,047.00 is reasonable. The Court is also "mindful that 'payment for an attorney in a social security case is inevitability uncertain.'" *Buckley v. Berryhill*, 15-CV-0341-A, 2018 WL 3368434, at *2 (W.D.N.Y. July 10, 2018) (quoting *Wells*, 907 F.2d at 371). Accordingly, "the Second Circuit has recognized that contingency risks are necessary factors in determining reasonable fees under § 406(b)." *Id*. (quotation marks omitted).

The Court also notes that counsel is required to return the previously awarded EAJA fee of $3,990.00 to Plaintiff. (Dkt. 18). *See Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both [EAJA and § 406(b)], but the claimant's attorney must refund to the claimant the amount of the smaller fee . . . .").

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for attorneys' fees under § 406(b) (Dkt. 19) is granted, and the Court hereby orders as follows: (1) Plaintiff's counsel is awarded attorneys' fees in the amount of $40,939.38; and (2) Plaintiff's counsel is hereby directed to refund the previously awarded EAJA fee of $3,990.00 to Plaintiff.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:   November 20, 2023
         Rochester, New York